UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA K. DRESSLER,

    Plaintiff,

v.                                              Case No: 2:18-cv-311-FtM-99CM

U.S. DEPARTMENT OF
EDUCATION, BETSY DEVOS,
FLORIDA DEPARTMENT OF
EDUCATION, NAVIENT
CORPORATION, NAVIENT
SOLUTIONS, INC., EDUCATION
CREDIT MANAGEMENT
CORPORATION, PIONEER
CREDIT RECOVERY, INC.,
EQUIFAX INC., EQUIFAX
INFORMATION SERVICES, LLC
and DOES 1-10,

    Defendants.

## ORDER

This matter comes before the Court upon review of Defendant Florida Department of Education's ("Florida DOE") Motion for Enlargement of Time to Conduct Rule 26(f) Conference and to Submit Case Management Report filed on June 18, 2018. Doc. 32. Plaintiff's position on the motion is unknown. *Id.* at 4. Nevertheless, for the reasons stated below, the motion will be granted in part and denied in part.

Florida DOE requests an extension of time to conduct a case management conference until thirty (30) days after the Court has ruled on any pending motions to dismiss. Doc. 32 at 3. In support of its request, Florida DOE claims Plaintiff has

not contacted counsel for Florida DOE or Defendants Navient (including both Navient Corporation and Navient Solutions, Inc.) and Equifax (including both Equifax Inc. and Equifax Information Services, LLC) to discuss any discovery matters, and that Plaintiff apparently has not served all of the Defendants.  *See id.*  Florida DOE states counsel for Navient and Equifax do not oppose the motion for extension, but Plaintiff's position is unknown because she could not be reached by phone on the day the motion was filed.  *Id.* at 3-4.

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion.  *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).  Rule 6 of the Federal Rules of Civil Procedure requires a showing of good cause for extension of a deadline, and Rule 16 requires a finding of good cause to delay the issuance of a scheduling order.  Fed. R. Civ. P. 6(b)(1)(A), 16(b)(2).  Although the Court finds good cause to grant the extension and delay the issuance of a scheduling order, the Court is not inclined to extend deadlines indefinitely.  The fact that there are pending motions to dismiss does not prevent the Court from moving forward with entering a Case Management and Scheduling Order.  Given that several Defendants appear not to have been served, however, the Court will give the parties up to and including **August 20, 2018** to conduct their case management conference, and up to and including **September 3, 2018** to file a case management report.

As to Florida DOE's assertion that Plaintiff has not yet contacted Defendants to discuss discovery matters or conduct a case management conference, and in light

of Plaintiff's *pro se* status, Plaintiff is reminded that "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *See* Doc. 32 at 3; *Sanders v. Fluor Daniel, Inc.*, 151 F.R.D. 138, 139 (M.D. Fla. 1993), *aff'd sub nom. Sanders v. Fluor Daniels, Inc.*, 36 F.3d 93 (11th Cir. 1994) (quoting *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)). Plaintiff also must comply with the Middle District of Florida Local Rules. Failure to comply with the Court's Orders or the Federal or Local Rules could result in sanctions.

The Court further notes Florida DOE did not properly comply with Middle District of Florida Local Rule 3.01(g). *See* Doc. 32 at 4. Local Rule 3.01(g) requires that each motion filed in a civil case, with certain enumerated exceptions not at issue here, "stat[e] whether counsel agree on the resolution of the motion," and further provides that a statement to the effect that counsel for the moving party attempted to confer with counsel for the opposing party but counsel was unavailable is "insufficient to satisfy the parties' obligation to confer." M.D. Fla. R. 3.01(g). Further, Local Rule 3.01(g) requires parties to confer with unrespresented parties as they would counsel. *See id.*; *Rigley v. Livingston Fin. LLC*, No. 6:12-cv-617, 2012 WL 12915480, at *1 (M.D. Fla. Dec. 4, 2012). Any future motions filed in this case that fail to fully comply with Local Rule 3.01(g) may be summarily denied.

ACCORDINGLY, it is

**ORDERED:**

Defendant Florida Department of Education's Motion for Enlargement of Time to Conduct Rule 26(f) Conference and to Submit Case Management Report (Doc. 32)

is **GRANTED in part and DENIED in part**. The parties shall have up to and including **August 20, 2018** to conduct their case management conference, and up to and including **September 3, 2018** to file their case management report.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of June, 2018.

*[signature]*

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties